### No. 626

### HALLIDAY v. DEMPSEY

No. 19830.  Supreme Court

On motion to certify.  Dock. May 19, 1926.

267.  COMPROMISE—Where the court in a foreclosure action based upon a default judgment rendered by a justice of the peace refuses an order of foreclosure upon the promise of the defendant to pay any judgment which the justice of the peace may render at a new trial, is the plaintiff precluded from obtaining foreclosure in an action in which a compromise was agreed to?

Mabel F. Halliday brought an action against Mabel V. Dempsey before a justice of the peace of Cleveland Heights Township, Cuyahoga County, for breach and alteration of a contract. A special constable was sworn in to serve summons and the return indicated that a copy of the summons was left at the defendant's usual place of residence. Judgment was rendered by default and a transcript was thereupon filed in the Cuyahoga Common Pleas and an action to foreclose was brought. At the trial the court stated that judgment should be for the plaintiff but that default judgments are not favored and thereupon pursuant to the court's suggestion it was agreed that if at a new trial before the justice of the peace judgment were rendered for Halliday that said judgment would be paid immediately without filing an appeal for the necessity of foreclosure.

Judgment was rendered for Halliday and Dempsey failed to pay said judgment and thereupon error was prosecuted to the Court of Appeals which affirmed the judgment of the Common Pleas.

Halliday in the Supreme Court contends:

1. That the appeals erred in affirming the judgment of the Common Pleas under the facts shown by the record.

2. That plaintiff has been deprived of due process of law and the equal protection of the laws.

Attorneys—R. W. Halliday, Cleveland, for Halliday.